UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANNIE DAVIES, individually and on behalf of all
others similarly situated,

                             *plaintiff*,                   **CLASS & COLLECTIVE**
                                                            **ACTION COMPLAINT**

      -against-

                                                               **Jury Trial Demanded**

LEADDOG MARKETING GROUP and CSM SPORT
& ENTERTAINMENT LLP,

                             *defendants.*
------------------------------------------------------------------x

        Plaintiff ANNIE DAVIES (the "plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

        1.     Plaintiff is a former account coordinator employee at defendants' New York City offices. The position was not managerial, supervisory or professional and was thus a "non-exempt" position under federal and New York law. For her work, throughout the relevant time period, defendants paid plaintiff a flat weekly salary that did not provide the equivalent of the statutory minimum wage for all hours worked, much less overtime premiums for hours worked in excess of forty (40) per week and failed to provide plaintiff with a requisite wage notice at any time during her employment.

        2.     Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to her pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") §§ 190 *et seq.* and the supporting regulations as well as damages based on defendants' failure to provide her with required wage notices pursuant to NYLL §§ 190 *et seq.*

3.     Plaintiff brings her FLSA claims on behalf of herself and all similarly situated employees of defendants and her NYLL claims on behalf of herself and a Federal Rule of Civil Procedure 23 ("Rule 23") class of all non-management employees working for defendants in New York City.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

7.     Plaintiff ANNIE DAVIES ("Davies") was, at all relevant times, an adult individual employed by defendants in New York City.

8.     Throughout the relevant time period, plaintiff performed work for defendants at their offices located in New York City.

9.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

**Defendants:**

10. LeadDog Marketing Group ("LDM"), at all times relevant hereto, was engaged in business as a provider of advertising and marketing services with an office in New York City.

11. CSM Sport & Entertainment LLP ("CSM") acquired ownership of LDM in or about 2016 and since that time has operated LDM's business as a successor in interest.

12. At all times relevant hereto, defendants operated as joint employers. CSM assumed all responsibilities, including past liability for unpaid wages of LDM when it acquired LDM in 2016.

13. At all relevant times, defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. At all relevant times, defendants employed, and/or continue to employ, plaintiff, opt-in plaintiffs, and the class members within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, plaintiff, the opt-in plaintiffs, and the class members were employed by defendants within the meaning of the NYLL, §§ 2 and 651.

16. Upon information and belief, at all relevant times, each of the Corporate defendants have had gross revenues in excess of $500,000.00

17. All actions and omissions described in this complaint were made by defendants herein directly or through their supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), plaintiff brings her first and second causes of action as a collective action under the FLSA on behalf of herself and the following collective:

> All persons employed by defendants at any time since June 1, 2015 and through the entry of judgment in this case (the "collective action period") who worked as non-management employees for LDM and/or CSM in New York City (the "collective action members").

19. A collective action is appropriate in this circumstance because plaintiff and the collective action members are similarly situated, in that they were all subjected to defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, plaintiff and the collective action members did not receive the legally required minimum wage or overtime premium payments.

20. Plaintiff and the collective action members have or had substantially similar job duties and were paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

21. Pursuant to NYLL, plaintiff brings her third through fifth causes of action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class:

> All persons employed by defendants at any time since June 1, 2015 and through the entry of judgment in this case (the "class period") who worked as non-management employees for LDM and/or CSM in New York City (the "class members").

22. The class members are readily ascertainable. The number and identity of the class members are determinable from the records of defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

23. Class members are so numerous that joinder of all members is impracticable.

24. Upon information and belief, there are an excess of forty (40) class members.

25. The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

    a. whether defendants employed plaintiff and the class members within the meaning of the NYLL;

    b. whether defendants failed to keep true and accurate time records for all hours worked by plaintiff and the class members;

    c. whether defendants failed and/or refused to pay plaintiff and the class members minimum wage for all hours worked;

    d. whether defendants failed and/or refused to pay plaintiff and the class members overtime premiums for hours worked in excess of forty (40) hours per workweek;

    e. whether defendants failed to provide plaintiff and the class members with a proper statement of wages with every wage payment as required by the NYLL;

      f. whether defendants failed to provide proper wage notice to plaintiff and class members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

      g. whether defendants' failure to properly pay plaintiff and the class members lacked a good faith basis; and

      h. whether defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

26. <u>Plaintiff's claims are typical of the class members' claims.</u> Plaintiff, like all class members, was a non-managerial and non-exempt employee of defendants who worked for defendants pursuant to their corporate policies and pay practices. Plaintiff, like all class members, was, inter alia, paid less than the statutory minimum wage for all hours worked, was not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, did not receive proper wage notices. If defendants are liable to plaintiff for the claims enumerated in this complaint, they are also liable to all class members.

27. <u>Plaintiff and her counsel will fairly and adequately represent the class.</u> There are no conflicts between plaintiff and the class members, and plaintiff brings this lawsuit out of a desire to help all class members, not merely out of a desire to recover her own damages.

28. Plaintiff's counsels are experienced class action litigators who are well prepared to represent the interests of the class members.

29. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

30. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

31. The individual members of the Class have no interest or capacity to bring separate actions; plaintiff is unaware of any other current litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

32. On or about May 1, 2015 plaintiff was hired by defendants to work as an "intern" at defendants' New York City offices.

33. Plaintiff worked as an intern from May 1, 2015 to mid-July 2015. During such period, plaintiff worked approximately 40 hours per week, but was not required to record for her working hours. During this period, plaintiff was paid a fixed salary of $500.00 per month.

34. From mid-July 2015 to January 2017 plaintiff worked for defendants in their New York City offices as an Account Coordinator.

35. Plaintiff's work as an Account Coordinator did not involve any managerial, professional, supervisory services or independent judgment and was "non-exempt" as provided in the FLSA and NYLL.

36. During this time, plaintiff worked approximately 70 hours per week and was not required to record for her working hours.

37. During such period, plaintiff was paid a fixed annual salary of $38,000 from mid-July 2015 to January 2016, and a fixed annual salary of $41,000 from January 2016 to January 2017.

38. During the period from January 2016 to June 30, 2017 plaintiff worked for defendants in its New York City offices as a Senior Account Coordinator.

39. From from January 2016 to June 30, 2017 plaintiff worked for defendants in their New York City offices as a Senior Account Coordinator

40. During such period, plaintiff was paid a fixed annual salary of $46,000 from January 2017 to June 30, 2017.

41. During plaintiff's entire employment with defendants, she was never provided with a wage notice as required by the NYLL.

42. During plaintiff's entire employment with defendants she was never paid any overtime compensation for the hours she worked in excess of forty (40) in any workweek.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
**(Brought on Behalf of plaintiff and the Collective Action Members)**

43. Plaintiff, on behalf of herself and the collective action members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

44. By failing to pay minimum wage for all hours worked, defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206 and 215(a)(2).

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Defendants' failure to pay minimum wages for all hours worked caused plaintiff and the collective action members to suffer loss of wages and interest thereon. Therefore, plaintiff and the collective action members are entitled to recover from defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(Brought on Behalf of plaintiff and the Collective Action Members)**

47. Plaintiff, on behalf of herself and the collective action members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth therein.

48. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Defendants' failure to pay overtime caused plaintiff and the collective action members to suffer loss of wages and interest thereon. Plaintiff and the collective action members are entitled to recover from defendants her unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 2 1 6(b).

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
**(Brought on Behalf of plaintiff and the Collective Action Members)**

51. Plaintiff, on behalf of herself and the class members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. Defendants willfully violated plaintiff s and class members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

53. Defendants' failure to pay minimum wage for all hours worked caused plaintiff and the class members to suffer loss of wages and interest thereon. Plaintiff and the class members are entitled to recover from defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

### FOURTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID OVERTIME
**(Brought on Behalf of plaintiff and the Collective Action Members)**

54. Plaintiff, on behalf of herself and the class members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55. Defendants willfully violated plaintiff s and the class members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

56. Defendants' failure to pay overtime premium compensation caused plaintiff and the class members to suffer loss of wages and interest thereon. Plaintiff and the class members are entitled to recover from defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

### FIFTH CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES
**(Brought on Behalf of plaintiff and the Collective Action Members)**

57. Plaintiff, on behalf of herself and the class members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58. Defendants have willfully failed to supply plaintiff and the class members' notice as required by Article 6, § 195, in English or in the language identified by plaintiff as her primary language, containing plaintiff s and the class members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

59. Due to defendants' violations of the NYLL, plaintiff and the class members are entitled to recover from defendants fifty dollars ($50) for each work day that the

violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000), as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, plaintiff, on behalf of herself and other similarly situated collective action members and class members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the collective action members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing plaintiff and her counsel to represent the collective action members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the class members and appointing plaintiff and her counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h. An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i. Fifty dollars ($50.00) per plaintiff and each of the class members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) as provided for by NYLL, Article 6 § 198(1)

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
January 10, 2020

**Respectfully submitted,**

**HOFFMANN & ASSOCIATES**

By: _____/s/ Andrew Hoffmann_____
Andrew S. Hoffmann, Esq.
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel (212) 679-0400
Fax (212) 679-1080

*Attorneys for plaintiff and the putative
FLSA Collective and Class*